**Eustorgio MARTINEZ, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 03–74012.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 21, 2005.\*\*

Decided Nov. 23, 2005.

Eustorgio Martinez, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Cindy S. Ferrier, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Before: TASHIMA and FISHER, Circuit Judges, and SHADUR,*** Senior District Judge.

### MEMORANDUM ****

Petitioner Eustorgio Martinez, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") summarily affirming without opinion an Immigration Judge's ("IJ") denial of his application for cancellation of removal. Martinez, filing *pro se*, raises three challenges: (1) whether the hardship standard for cancellation of removal violates equal protection, (2) whether the IJ's finding on the ten years' continuous presence requirement was correct, and (3) whether the IJ's finding on exceptional and extremely unusual hardship was correct.

█ Martinez's claim that he was denied equal protection because he was required to meet legal standards not imposed on aliens covered by the Nicaraguan Adjustment and Central American Relief Act of 1997 ("NACARA") is foreclosed by this court's decisions in *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir. 2002) (rejecting equal protection challenge to more lenient hardship standard based on nationality under NACARA), and *Ram v. INS,* 243 F.3d 510, 517 (9th Cir.2001) (holding that NACARA's policy of favoring aliens from specific war-torn countries must be upheld because it stems from rational diplomatic decision to encourage such aliens to remain in the United States). Therefore, we deny Martinez's equal protection claim.

█ The IJ denied Martinez's application for cancellation of removal on two independent grounds: failure to establish ten years' continuous physical presence and failure to demonstrate exceptional and extremely unusual hardship to his United States citizen children. We have jurisdiction to review whether Martinez met the continuous physical presence requirement. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003). We lack jurisdiction, however, to review whether he satisfied the hardship requirement. *Id.* at 891. Because the BIA affirmed without opinion, we have no way of knowing on which ground or grounds the BIA based its affirmance, and, in turn whether we have jurisdiction to review the BIA's decision. *See Lanza v. Ashcroft,* 389 F.3d 917, 932 (9th Cir.2004). Accordingly, we vacate the BIA's decision and remand to the BIA with instructions to clarify its grounds for affirming the IJ's denial of Martinez's application for cancellation of removal. *See id.*

**PETITION FOR REVIEW DENIED in part; DECISION OF BIA VACATED and REMANDED.**

---

*** The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36–3.